UNITED STATES DISTRICT COURT
District of Massachusetts

```
_____
                                )
CRAIG P. NADEL,                 )
                                )
                                )
                                )
              Plaintiff,        )
                                )
         v.                     )    CIVIL ACTION
                                )    NO. 24-12111-WGY
EQUITABLE FINANCIAL             )
LIFE INSURANCE COMPANY and      )
DAVIES LIFE & HEALTH, INC.      )
                                )
              Defendants.       )
                                )
_____
```

YOUNG, D.J.                                    November 6, 2024

**ORDER**

The plaintiff Craig P. Nadel's ("Nadel"), Motion to Remand, ECF No. 12, is **ALLOWED** and the action is **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Massachusetts Superior Court, sitting in and for the County of Suffolk.  This diversity action must be remanded because removal is unavailable under the forum defendant rule where Davies Life & Health, Inc. ("Davies") is a properly joined defendant that is a citizen of the Commonwealth of Massachusetts.  See 28 U.S.C. § 1441(b)(2).

Equitable Financial Life Insurance Company ("Equitable") and Davies removed this action to this Court pursuant to 28 U.S.C. § 1441, based on diversity jurisdiction under 28 U.S.C. § 1332.  Notice of Removal, ECF No. 1.  Under the "forum defendant

rule", 28 U.S.C. § 1441(b)(2) bars removal "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2); Rizzi v. 178 Lowell St. Operating Co., LLC, 180 F. Supp. 3d 66, 67-68 (D. Mass. 2016).  Nadel moves to remand under 28 U.S.C. § 1447(c).  Pl.'s Mot. Remand, ECF No. 12.

The parties agree that they are diverse, and that Davies is a forum defendant.  Compl. ¶¶ 1-3; Notice of Removal ¶¶ 12-14.  In their Notice of Removal, Equitable and Davies argue that the forum defendant rule does not apply because Davies is fraudulently joined, and therefore they are entitled to proceed in this Court.  Notice of Removal ¶¶ 15-22.  Nadel argues that Davies is not fraudulently joined.  Pl.'s Mem. Law Supp. Pl.'s Mot. Remand ("Pl.'s Mem."), ECF No. 13.

Equitable and Davies also filed a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), seeking transfer to the United States District Court for the District of New Jersey.  Defs.' Mot. Transfer Venue, ECF No. 10.

At a hearing held on October 28, 2024, after argument by the parties, the Court took the matter under advisement.

Equitable and Davies failed to meet their burden of demonstrating that Davies was fraudulently joined.  Media Duplication Servs., Ltd. v. HDG Software, Inc., 928 F.2d 1228,

[2]

1235 (1st Cir. 1991) ("Once jurisdictional allegations are challenged, the party asserting diversity has the burden of establishing those allegations with competent proof."). To meet their burden, Equitable and Davies needed to demonstrate that there is "no reasonable possibility that the state's highest court would find that the complaint states a cause of action upon which relief may be granted against the non-diverse defendant." Universal Truck & Equip. Co. v. Southworth-Milton, Inc., 765 F.3d 103, 108 (1st Cir. 2014). Equitable and Davies have not met this exacting standard.

First, there is a reasonable possibility that the Supreme Judicial Court of Massachusetts would rule that Nadel stated a claim against Davies for tortious interference with contractual relations. The complaint alleges that Davies improperly denied Nadel's disability payments, and the parties cite no controlling authority ruling out the possibility that a third-party administrator of an insurance agreement can be held liable for this kind of claim. Compl. ¶¶ 99-100.

Presuming without ruling that Massachusetts law applies to this dispute, there is also a reasonable possibility that the Supreme Judicial Court would rule that Nadel stated a claim against Davies under Massachusetts General Laws, chapter 176D and 93A. Nadel argues that Davies handled his disability claim in a biased manner and failed properly to investigate his claim

when considering the independent medical examiner's report. Compl. ¶¶ 70, 77; Compl., Ex. Q, Consumer Demand Letter ("Demand Letter") 9, ECF No. 1-1; Pl.'s Mem. 15.  As Equitable and Davies acknowledge, whether a third-party administrator can be held liable for this kind of claim is an unsettled issue in Massachusetts, and thus not beyond the bounds of reasonable possibility.  Defs.' Opp'n. Mot. Remand 3, ECF No. 15.

The motion to remand is now **ALLOWED**, ECF No. 12, and the motion to transfer is **DENIED** as **MOOT**, ECF No. 10.  The Clerk is directed to remand this action to the Massachusetts Superior Court sitting in and for the County of Suffolk.

**SO ORDERED.**

_____
WILLIAM G. YOUNG
DISTRICT JUDGE